IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| M,A, YAH, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 211). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant appears to object to ¶¶ 34 (loss amount), 35 (10 or more victims), and 37 (authentication feature). The Defendant also objects to ¶¶ 17, 18, 20-25 (described as objections to the role enhancement and the loss amount). The objections are discussed below.

*Loss Amount*

The plea agreement provides that the loss amount for relevant conduct and restitution purposes is $7,876.75. The PSR is based on a loss amount of $24,992.12 for guideline purposes. (PSR, ¶ 34.) The Court's tentative finding is that the objection is granted and the plea agreement should be upheld.

*10 or More Victims*

The plea agreement provides that no enhancements pursuant to U.S.S.G. § 2B1.1 other than loss amount should apply.  The PSR includes a 2-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(a) based on an offense involving 10 or more victims.  (PSR, 35.)  The Court's tentative finding is that the objection is granted and the plea agreement should be upheld.

*Authentication Feature*

The plea agreement provides that no enhancements pursuant to U.S.S.G. § 2B1.1 other than loss amount should apply.  The PSR includes a 2-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(A)(ii) for possession of an authentication feature as described. (PSR, ¶ 37.)  The Court's tentative finding is that the objection is granted and the plea agreement should be upheld.

*Acceptance of Responsibility*

The plea agreement essentially provides for a 3-level downward adjustment for acceptance of responsibility.  The PSR, however, does not credit the Defendant for acceptance of responsibility.  (PSR, ¶ 43.)  The Court's tentative finding is that the objection is granted and the plea agreement should be upheld.

*Role*

The plea agreement and the plea colloquy indicate that the parties disagree as to the Defendant's role in the offense, and the PSR attributes a 4-level upward adjustment pursuant to U.S.S.G. § 3B1.1(a).  (PSR, ¶ 39.)  The Defendant objects to any upward role

adjustment.  This issue will be heard at sentencing.  The government bears the burden of proof by a preponderance of the evidence.

### 59 and 60 - Allegedly Related Offenses

The Defendant objects to the inclusion of 3 criminal history points for the offenses described in ¶¶ 59 and 60, arguing that they are related offenses inasmuch as both offenses involve fraudulent checks, identical sentences imposed on the same day, and consideration of these cases as a joint appeal in the Nebraska Court of Appeals.

The objection is denied.  The offenses were separated by an intervening arrest. (PSR, ¶¶ 59, 60.)  U.S.S.G. § 4A1.2, application note 3.

### 61 - Offense More than 10 Years Old

The Defendant argues that a criminal history point should not be assessed in 61 because the offense described occurred more than 10 years prior to the instant offense. The Defendant pleaded guilty to Counts I and VIII of the Indictment.  Count I charges a conspiracy beginning on or about July 23, 2004.  The offense in 61 occurred on June 25, 1994.  However, the date of the occurrence of the prior offense is not controlling.  The crucial factor is the date sentence was imposed for the prior offense.  U.S.S.G. § 4A1.2 application note 3.  In this case, the Defendant was sentenced for the prior offenses described in ¶ 61 on July 18, 1994, and August 2, 1994.  Therefore, he was sentenced within the applicable 10-year period.  The objection is denied.

## CONCLUSION

The Court's tentative findings are that the Defendant's objections are granted in part and denied in part as discussed above.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 211) are granted in part and denied in part:

    a. the objections to 34, 35, 37, and 43 are granted;

    b. the objections to 59, 60, and 61 are denied;

    c. the objection to 39 (role in the offense) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall raise oral objections at the sentencing hearing if the hearing is held as scheduled on October 20, 2006. Otherwise, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of October, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge