IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR116 |
| | ) | |
| v. | ) | |
| | ) | |
| M, A, YAH, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's amended motion for return of property and request for evidentiary hearing and oral argument (Filing No. 313).[1]  A hearing was held on March 7, 2008, during which evidence was adduced on behalf of the parties.  Having considered counsels' arguments and having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds defendant's motion should be granted.

### DISCUSSION

On August 4, 2006, defendant plead guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  Defendant is currently serving a sentence of twenty-six months for the conspiracy to commit bank fraud count and twenty-four months for the aggravated identity

---

[1] Defendant's original motion (Filing No. 292) will be denied as moot.

theft count, to be served consecutively.  Defendant filed a motion for the return of his property, post-trial, pursuant to Rule 41(g) (formerly Rule 41(e)) of the Federal Rules of Criminal Procedure.  Defendant seeks return of:  "One HP Pavilion computer, Model A705W, serial no. CNC43819LF, HP printer, HP keyboard and HP CPU" (Filing No. 313).  He seeks the return of his computer and other equipment for use by his family.

The United States opposes defendant's motion.  Social Security Administration Special Agent Jason Albers testified at the hearing that he had the CPU in his custody, but the remaining equipment requested by defendant was, to his knowledge, in the custody of Sarpy County.  The United States opposes returning the CPU because "the hard drive of the computer contains both a copy of a counterfeit check and a copy of a check used in the commission of the charge for which the defendant ultimately was prosecuted" (Filing No. 301).  Thus, the United States claims the computer constitutes contraband to which defendant is not entitled.

As a preliminary matter, the Court must address the laches defense raised by the United States at the hearing.  The United States argued that defendant waived the right to request the return of his property because he failed to make the request in a timely manner.  Every circuit court to consider the issue has determined that Rule 41(g) motions are subject to the six-

-2-

year statute of limitations contained in 28 U.S.C. § 2401(a).[2] *Bertin v. United States,* 478 F.3d 489, 493 (2d Cir. 2007). The accrual date for post-trial Rule 41(g) motions is the date on which the criminal proceedings against the defendant concluded. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001).

Here, the Court need not determine the precise date the proceedings against defendant concluded because it is clear that the motion was filed well within the statute of limitations. The United States has made no showing that it has been prejudiced by any perceived delay in defendant's filing of his Rule 41(g) motion; thus, it would be inappropriate to apply laches to shorten the six-year statute of limitations. *See Rodriguez-Aguirre*, 264 F.3d at 1207-08; *see also Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 169 n.3 (8th Cir. 1995) (*rev'd on other grounds*) (stating that "courts apply a presumption that the action is not barred if brought within the statute of limitations period for 'analogous' actions at law").

Having determined defendant's motion is timely, the Court now turns to the merits of the motion. Under Rule 41(g):

---

[2] 28 U.S.C. § 2401(a) states in pertinent part:

> [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). A defendant may invoke Rule 41(g) to seek the return of property that was seized but not forfeited. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). A Rule 41(g) motion that is "made after the termination of criminal proceedings against the defendant" is treated "as a civil complaint for equitable relief." *Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (citing *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994). The burden of proof shifts to the government after the criminal proceedings have terminated, and "the civil preponderance-of-the-evidence standard applies." *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990). Thus, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).

A Rule 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991). There are two types of contraband: contraband per se and derivative contraband. Contraband per se is "intrinsically illegal in character." *Helton v. Hunt*, 330 F.3d 242, 247 (4th Cir. 2003) (citing *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699-700 (1965)). On the other hand, derivative contraband "includes items 'not inherently unlawful but which may become unlawful because of the use to which they are put.'" *Rodriguez-Aguirre*, 264 F.3d at 1213 n.13. "[W]hile a criminal defendant has no expectation that contraband per se will ever be returned, a criminal defendant does have a legitimate expectation that other property, including property that may well be derivative contraband, will be returned to him once the criminal proceedings against him conclude, unless and until the government successfully forfeits that property." *Id.*

The United States conducted a forensic examination of defendant's computer and discovered a scanned check on the hard drive (Govt. Ex. 2). The scanned check was a Great Western Bank of Omaha, Nebraska, check; the name on the account was D. Anthony Stewart, DBA Stewart & Stewart Cleaning Service; and the account

number was 104000702 (Govt. Exs. 2 and 3). However, other than that one scanned check, no other items of evidentiary value were found on the hard drive (Govt. Ex. 2). Thus, while the United States has met its burden of proving that the hard drive contained contraband, the fact remains that the CPU itself, at best, is merely derivative contraband, rather than contraband per se. Although a computer can be used to facilitate the commission of a crime, it can also be used for a vast array of legitimate activities. At the hearing, counsel for the defendant suggested that the United States could both remove the contraband and return the computer to defendant if the United States permanently deleted the scanned check from the hard drive. The Court finds this to be a sensible solution. The United States shall permanently delete the file containing the scanned counterfeit check from the hard drive and then make the CPU available for pick-up by defendant's wife. A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of March, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
   LYLE E. STROM, Senior Judge
   United States District Court